**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30192 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00124-RFC |
| v. | |
| MICHAEL RALPH NILES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Michael Ralph Niles appeals from the 211-month sentence imposed

following his guilty-plea conviction for possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Niles contends that the district court erred in estimating the drug quantity attributable to him because the estimate was based on allegedly unreliable testimony from witnesses Linda Selph and Jonathan Rodriguez. The district court did not err because it applied the correct burden of proof, used reliable evidence, and erred on the side of caution. *See United States v. Alvarez*, 358 F.3d 1194, 1212-13 (9th Cir. 2004) (testimony of co-conspirators given under oath and subject to cross-examination has sufficient indicia of reliability to support calculation's probable accuracy); *United States v. Culps*, 300 F.3d 1069, 1076-77 (9th Cir. 2002) (multiplier method is one permissible method of approximating drug quantity).

Niles also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Niles' within-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**